IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JENNIFER L. BRYANT,

    Plaintiff,

v.

SUNTRUST MORTGAGE, INC. and
McCALLA RAYMER, LLC,

    Defendants.

CIVIL ACTION NO.
1:11-CV-02890-TWT-LTW

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

Currently before the Court is this Court's February 23, 2012 Show Cause Order. Docket Entry [2]. Plaintiff, who is proceeding *pro se*, filed the instant lawsuit on August 29, 2011. Docket Entry [1]. Pursuant to Rule 4 of the Federal Rules of Civil Procedure, Plaintiff was required to serve Defendant SunTrust Mortgage, Inc. and McCalla Raymer, LLC (collectively "Defendants") with a copy of the Summons and Complaint within 120 days after the filing of the Complaint. See Fed. R. Civ. P. 4(c)(1), (m). In this action, each Defendant was to be served by December 27, 2011.

On February 23, 2012, this Court issued a Show Cause Order, after having observed that Plaintiff had not filed any proofs of service as required by Fed. R. Civ. P. 4(l)(1). Docket Entry [2]. This Court ordered Plaintiff to show cause within fourteen (14) days of the date of the Order why Defendants should not be dismissed for Plaintiff's failure to timely serve them. Id. Plaintiff was warned that her failure to respond to the Show Cause Order would result in a recommendation that this action be

dismissed. Id. To date, Plaintiff still has not filed any proofs of service indicating that either Defendant has been served. In addition, Plaintiff has offered no explanation for her failure to serve Defendants. Under Rule 4(m) of the Federal Rules of Civil Procedure, if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause, the court must extend the time for service for an appropriate period. Id. Here, Plaintiff has neither served Defendants, nor shown good cause for her failure to serve Defendants.

Also in the February 23, 2012 Show Cause Order, this Court expressed concern that Plaintiff was not interested in prosecuting her case because Plaintiff had not undertaken any substantial proceedings of record since filing her Complaint on August 29, 2011. Docket Entry [2]. This Court ordered Plaintiff to show cause why her case should not be dismissed for want of prosecution within fourteen (14) days of the date of the Order. (Id.) Plaintiff was warned that this Court would interpret her failure to respond to the Show Cause Order as her indication that she is not interested in prosecuting her case and would recommend its dismissal. Nevertheless, to date, Plaintiff has ignored the Show Cause Order and has not taken any further proceedings of record. Local Rule 41.3(A)(3) provides that the Court may, with or without notice to the parties, dismiss a civil case for want of prosecution if a case has been pending in this Court for more than six (6) months without any substantial proceedings of record having been taken in the case. LR 41.3A(3), NDGa. Additionally, Local Rule

41.3(A)(2) provides that the Court may dismiss a case for want of prosecution if a plaintiff refuses to obey a lawful Order of the Court. LR 41.3A(2), NDGa. Here, Plaintiff has failed to prosecute her case and has disregarded a lawful Order of the Court.

Lastly, this Court observes that Plaintiff, who is *pro se*, has not provided this Court with a current address. See Docket Entry [3] ("Mail Returned as Undeliverable. Mail sent to Jennifer L. Bryant re 2 Order to Show Cause"). "The failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice." LR 41.2C, NDGa.

For all of the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's action be **DISMISSED**. As this is a final Report and Recommendation and there are no other matters pending before this Court, the Clerk is directed to terminate the reference to the undersigned.

**IT IS SO REPORTED AND RECOMMENDED**, this 13 day of March, 2012.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JENNIFER L. BRYANT,

    Plaintiff,

v.

SUNTRUST MORTGAGE, INC. and
McCALLA RAYMER, LLC,

    Defendants.

CIVIL ACTION NO.
1:11-CV-02890-TWT-LTW

## **ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **within fourteen (14) days of the receipt of this Order**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. United States v. Slay, 714 F.2d 1093 (11th Cir.

1983), cert. denied, 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 13 day of March, 2012.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE